UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 2: 11-052-DCR |
| | ) | and |
| Plaintiff, | ) | Civil Action No. 2: 15-174-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MEREDITH L. LAWRENCE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Meredith Lawrence's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 137] Lawrence has also filed a motion for the Court to reconsider the denial of discovery and several motions requesting that the Court grant his § 2255 motion. [Record Nos. 151, 155, 161] Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to a United States Magistrate Judge for issuance of a report and recommendation. On April 29, 2016, Magistrate Judge Edward B. Atkins recommended that the Court deny all of Lawrence's motions. [Record No. 165] Thereafter, Lawrence filed objections to the Report and Recommendation. [Record No. 167]

Having conducted a *de novo* review of the portions of the Report and Recommendation to which Lawrence objects, the Court will deny the relief he seeks and

-1-

dismiss the case as recommended by Magistrate Judge Atkins.  Further, the Court declines to issue Lawrence a Certificate of Appealability.[1]

**I.**

On August 11, 2011, Lawrence was indicted for three counts of filing false tax returns in violation of 26 U.S.C. § 7206(1).  [Record No. 1]  The first count was for the tax return Lawrence allegedly filed on April 13, 2005.  *Id.* at 1.  The second count was for a return filed on June 7, 2006, and the return addressed by the third count was allegedly filed on October 5, 2007.  *Id.* at 2.  Lawrence was represented during trial and pre-trial proceedings by attorneys James Richard Kiefer and Robert W. Carran.  The jury found Lawrence guilty of all three charges.  [Record No. 47]  Based on a total tax loss to the government of $156,061.49, Lawrence's base offense level under the 2011 United States Sentencing Guidelines was 16.  [Record Nos. 135, p. 8; 134-1]  However, the total offense level was calculated as 18 following a two-level enhancement for obstruction of justice.  This resulted in a non-binding guideline range for incarceration of 27 to 33 months.  [Record No. 135, pp. 8-9, 14]  The maximum term of imprisonment for each count was three years.  26 U.S.C. § 7206.

On November 15, 2012, the Court imposed a sentence of 27 months' imprisonment on each count, to run concurrently.  [Record No. 87]  Lawrence was also ordered to pay restitution of $128,253.26.  *Id.*

---

[1]    Based on the analysis that follows, no reasonable jurist would disagree with the Court's assessment of Lawrence's claims.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, Lawrence is not entitled to a Certificate of Appealability.  As discussed below, many of Lawrence's current claims have been adjudicated on direct appeal.

Lawrence directly appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.  [Record No. 88]  However, on March 3, 2014, the Sixth Circuit affirmed his conviction and sentence, and on October 8, 2014, the Supreme Court denied Lawrence's petition for a writ of certiorari.  [Record Nos. 117, 120]  Lawrence then filed a motion seeking a new trial under Rule 33 of the Federal Rules of Criminal Procedure. [Record No. 121]  Lawrence argued that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that: (i) Donna Bond, one of its key witnesses, was eligible to receive a reward for testifying against Lawrence; and (ii) I.R.S. procedures were not properly followed in calculating actual tax loss.  *Id.*  Lawrence also argued that he was actually innocent based on the affidavit of Rick Fields, a CPA he hired while incarcerated to prepare tax returns for the indicted years.  *Id.*  According to Fields, Lawrence overpaid his taxes for the years in dispute.  [Record No. 121-4, p. 3]

By Order dated February 2, 2015, this Court denied Lawrence's motion for a new trial because the United States did not violate *Brady* and the Fields' affidavit did not constitute "new evidence" for the purpose of a claim of actual innocence.  [Record No. 131]  The Sixth Circuit later affirmed the denial of Lawrence's motion.  [Record No. 136]

On October 2, 2015, Lawrence filed the current motion to vacate his sentence under 28 U.S.C. § 2255.[2]  [Record No. 137]  Lawrence again alleges that he is entitled to relief

---

[2]     By the time Lawrence filed this petition, he had already served his term of incarceration. *See* Federal Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (showing that Meredith L. Lawrence was released on February 13, 2015).  However, Lawrence was still serving his one-year term of supervised release.  Thus, Lawrence was still "in custody" for the purpose of filing his habeas petition under § 2255.  *See United States v. Peatross*, No. 06-20351, 2011 WL 2618533, *1 (E.D. Mich. June 30, 2011) ("A federal prisoner who is on supervised release at the time a petition is filed is considered 'in custody.'").

based on the government's *Brady* violations and Fields' tax assessment. *Id.* He also alleges that this Court did not have jurisdiction for the sentence it imposed and that his counsel was constitutionally deficient under the Sixth Amendment. *Id.* In his reply, Lawrence advances yet another theory by claiming that a 2013 amendment to the Application Notes for § 2T1.1 of the Sentencing Guidelines proves he is actually innocent. [Record No. 154] On February 2, 2016, Lawrence attempted to incorporate this new theory into his original motion to vacate by filing a document entitled "First Amendment to Motion for Habeas Writ." [Record No. 156]

After filing his original § 2255 motion, Lawrence also filed a motion seeking discovery from the government. [Record No. 143] However, Magistrate Judge Atkins subsequently denied the motion. [Record No. 150] Lawrence then filed a document entitled "Disclosure and Request for Reconsideration of Order Denying Defendant/Habeas Petitioner Discovery." [Record No. 151] He has also filed a pleading captioned "Motion to Grant Habeas Writ Per Se" and a separate pleading styled "Motion to Grant His Unchallenged Motion for Habeas Relief Per Se." [Record Nos. 155, 161].

In response to Magistrate Judge Atkins' recommendation that all of his motions be denied, Lawrence filed 105 objections. [Record No. 167] However, many of those objections are too general for the Court to address individually. For instance, in one objection, Lawrence states, "Petitioner objects to the R&R failing to recommend granting the Habeas Writ." *Id.* at 2 (Objection # 6). Moreover, many of his objections are entirely conclusory. (*e.g.,* "Petitioner objects to the use of inaccurate facts as a basis for reporting and recommending.") *Id.* at 3 (also labeled Objection # 6). "The filing of vague, general, or conclusory objections does not meet the requirement of filing specific objections and is

tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Accordingly, the Court will only consider those objections that specifically challenge the magistrate judge's factual findings or legal conclusions.

## II.

Under § 2255, a federal prisoner may seek habeas relief where his sentence violated the United States Constitution or federal law, where the court lacked jurisdiction to impose the sentence, where the sentence exceeded the maximum penalty authorized by law, or where the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, a habeas petitioner is not entitled to relief where he could have raised the same issue on direct appeal. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is well settled that an argument not raised on direct appeal is waived."). Absent highly exceptional circumstances, a habeas petitioner is also prohibited from relitigating issues raised on direct appeal. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Because Lawrence has already raised these *Brady* issues in his Rule 33 motion, the magistrate judge correctly held that he is not entitled to relitigate them on collateral review. *See* Record No. 165, p. 6. Lawrence's actual innocence claim based on his CPA's affidavit is also procedurally barred. This Court has already considered and rejected those claims in its Order denying his Rule 33 motion. [Record No. 131] Moreover, Lawrence has failed to establish that extraordinary circumstances allow reconsideration of either issue on collateral review.

In his reply and amended motion to vacate, Lawrence also claims that an intervening change in the law establishes that he is actually innocent. This claim is procedurally barred for two reasons. First, Lawrence failed to include this argument in his original § 2255 petition. As the Magistrate Judge observed, "arguments made . . . for the first time in a reply

brief are waived."[3]   [Record No. 165, p. 18 (quoting *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010))]   And because Lawrence filed his amended petition well over twenty-one days after he served it and before the government filed its responsive pleading, he was not entitled to amendment as a matter of course.   *See* Fed. R. Civ. P. 15(a)(1).   Rule 15 of the Federal Rules of Civil Procedure allows for amendment where the opposing party consents or the court gives leave to amend.   Fed. R. Civ. P. 15(a)(2).   Notably, however, Lawrence did not obtain the government's consent nor did he move to amend his petition.   But even if he had moved to amend, the Court would have denied the motion as futile.   *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment . . . would be futile." (internal quotation marks omitted)).

In his objections, Lawrence refers to two alleged intervening changes: the Sixth Circuit's decision in *Phillips v. United States*, 734 F.3d 573 (6th Cir. 2013), and the amendment to § 2T1.1 of the Guidelines.   [Record No. 167, p. 8 (Objection #21, #22)] However, the holding that Lawrence relies on from *Phillips* does not represent a change in the existing law.   In fact, the actual innocence standard to which he cites is based on the Sixth Circuit's decision in *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012), a case

---

[3]      Lawrence also objects that the Magistrate Judge failed to consider his rule of lenity argument.   [Record No. 167, pp. 27-29 (Objection #83, #84, #88)]   Like the amendment to § 2T1.1, Lawrence did not raise this issue in his original motion to vacate.   Moreover, the rule of lenity is not applicable here.   "The rule of lenity 'ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered.'"   *United States v. Pritchett*, 749 F.3d 417, 427 (6th Cir. 2014) (quoting *United States v. Lanier*, 520 U.S. 259, 266 (1997)). Title 26 U.S.C. § 7206(1) unambiguously covers the type of conduct with which Lawrence is charged in this case (*i.e.,* filing false tax returns).

decided before Lawrence was sentenced. *Phillips*, 734 F.3d at 582 n.9. Thus, *Phillips* does not entitle him to relief.

Likewise, the amendment to § 2T1.1 does not entitle Lawrence to the relief requested. To establish an actual innocence claim, the intervening change of law raised by the petitioner must be retroactive. *Wooten*, 677 F.3d at 307. In his objections, Lawrence discusses several cases that address the general concept of retroactivity. [Record No. 167, pp. 25, 35] *See Bradley v. Sch. Bd.*, 416 U.S. 696 (1974); *Griffith v. Kentucky*, 479 U.S. 314 (1987); *BellSouth Telecomms., Inc. v. Se. Tel., Inc.*, 462 F.3d 650 (6th Cir. 2006). However, the Sixth Circuit has established specific rules for the retroactive application of amendments to the United States Sentencing Guidelines. As a general rule, substantive changes to the guidelines are not applied retroactively unless they are specifically listed in § 1B1.10 of the Guidelines. *See Clemons v. United States*, 102 F. App'x 933, 935 (6th Cir. 2004) (Motion for sentence reduction based on amendment not listed in § 1B1.10 was properly denied.); *United States v. McLain*, 48 F. App'x 976, 977 (6th Cir. 2002) ("This court has held that an amendment specifically listed in USSG § 1B1.10[] has retroactive effect, while amendments not listed are not to be applied retroactively.").

Conversely, clarifying amendments to the Guidelines apply retroactively. *See United States v. Fawaz*, 545 F. App'x 459, 465 (6th Cir. 2013) ("This court has consistently recognized that clarifying amendments may be applied retroactively to discern the Sentencing Commission's intent regarding the application of a pre-amendment guideline."). The amendment at issue is not expressly listed in § 1B1.10, and Lawrence argues that the amendment is clarifying, rather than substantive. *See* U.S.S.G. § 1B1.10(d). *See also*

Record No. 167, pp. 13-14, 18-19, 23-25, 35-36 (Objection #31, #32, #33, #58, #61, #62, #63, #77, #80, # 81, #100, #103, #104).

Lawrence is likely correct that the amendment to § 2T1.1's application notes qualifies as a clarifying amendment. *See United States v. Geerken*, 506 F.3d 461, 466 (6th Cir. 2007) ("Because the amendment resolved an ambiguity in the original wording of the relevant guideline, because it affected only the commentary to a guideline and not the guideline itself, and because the Sentencing Commission itself characterized the amendment as providing "guidance" and "instruction," we conclude that the application note . . . was a clarifying amendment . . . .")  But, regardless of the retroactivity issue, the amendment to § 2T1.1 does not entitle Lawrence to relief because it does not "make it more likely than not that no reasonable juror would have convicted him."  *Wooten*, 677 F.3d at 307-08.  When a court determines tax loss, section 2T1.1's new application note requires the court to account for the deductions and exemptions to which the defendant is entitled.  U.S.S.G. § 2T1.1 (Application Note 3).

According to Lawrence, this application note "exonerates" him.  [Record No. 167, p. 19 (Objection # 59)]  But Lawrence does not base this argument on the facts of the case as established at trial.  Instead, he relies entirely on Field's post-sentencing tax assessment, which does not qualify as "new evidence."  An actual innocence claim requires that a habeas petitioner "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  As this Court explained when it denied Lawrence's Rule 33 motion, Fields' amended tax returns "are post-trial documents created by the defendant that, at most,

-8-

constitute an opinion." [Record No. 131, p. 4] Fields' opinion is a reassessment of evidence that was either offered at trial or available prior to trial. In short, a reconfiguration of the evidence does not qualify as "new evidence."

Lawrence claims in his objections that the Court or his trial counsel should have notified his appellate counsel about the change to § 2T1.1 while his direct appeal was pending. [Record No. 167, p. 14 (Objection # 32)] Not surprisingly, he offers no law in support of this point. Lawrence also argues that it was the government's responsibility to alert the Court when it became aware of Fields' "rectification" in July of 2014, after the direct appeal was final but before the Rule 33 motion was finally decided. [Record No. 167, p. 13 (Objection #31)] As support, he relies on a non-binding case from the Seventh Circuit. *Id. See Fields v. Wharrie*, 672 F.3d 505 (7th Cir. 2012).

In *Fields*, the Seventh Circuit held that a prosecutor's *Brady* and *Giglio* duties extend through a criminal defendant's direct appeals process. *Id.* at 514. But neither *Brady* nor *Giglio* require the prosecution to alert the court to exculpatory opinions created by the defendant. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (requiring a new trial where false testimony offered by the prosecution could have reasonably affected the jury's judgment); *Brady*, 373 U.S. at 87 ("[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ."). Because both of Lawrence's "intervening change in the law" arguments are futile, the magistrate judge properly concluded that his amended petition is procedurally barred. *See* Record No. 165, pp. 18-19.

Likewise, Lawrence's "intervening change" argument is procedurally barred because neither alleged change qualifies as intervening. In other words, he could have raised both

issues during his direct appeal. To qualify as an intervening change in the law, the law must have been "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions . . . ." *Wooten*, 677 F.3d at 307. The relevant amendment to § 2T1.1 became effective on November 1, 2013. The Sixth Circuit released *Phillips* just three days later on November 4, 2013. And approximately four months later (March 3, 2014), the Sixth Circuit issued its opinion on Lawrence's direct appeal. [Record No. 117] Those four months afforded Lawrence a meaningful amount of time to alert the Sixth Circuit to *Phillips* or the amendment to § 2T1.1. *See Combs v. Hogsten*, No. 6:09-213-DCR, 2009 WL 3232992, *2 (E.D. Ky. Oct. 2, 2009) (finding that a case did not qualify as an "intervening change in the law" where it was decided less than four months before the Supreme Court declined to issue a writ of certiorari on the petitioner's direct appeal). But Lawrence failed to raise either issue in his subsequent Rule 33 motion, filed over a year after both alleged changes. Thus, as Magistrate Judge Atkins properly observed in his Report and Recommendation, Lawrence's actual innocence claims, along with his *Brady* claims, are inappropriate for collateral review. *See* Record No. 165.

Lawrence also argues that this Court lacked subject matter jurisdiction to impose his sentence. First, he contends that the jury did not find all the necessary elements of the crimes with which he was charged. The jury instructions prove otherwise. The Sixth Circuit has found that for a conviction based on 26 U.S.C. § 7206(1), "the government need only prove that a defendant willfully made and subscribed a return, that the return contained a written declaration that it was made under penalties of perjury, and that the defendant did not believe the return to be true and correct as to every material matter." *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002). For all three counts, the jury instructions given in this case

listed each *Tarwater* element.  [Record No. 48, pp. 14-18]  They also expressly stated that the jury "must be convinced that the government has proved each and every one of [those] elements beyond a reasonable doubt . . . ."[4]  *Id.*

Lawrence argues that the Court should have also required the jury to decide his adjusted gross income for the indicted years as well.  [Record No. 167, p. 17 (Objection #44)]  But Lawrence fails to offer any legal support for this contention.  Instead, he merely criticizes the Report and Recommendation for its failure to reconcile *Knight v. Comm'r*, 552 U.S. 181 (2008), and *In re Winship*, 397 U.S. 358 (1970), to the facts of this case.  *Id.* at 6-7, 16, 32-34 (Objection #19, #20, #38, #96, #97, #99).  *Knight*, 552 U.S. at 184, only explains how to calculate adjusted gross income under the Internal Revenue Code.  It does not even mention § 7206, let alone the elements necessary for conviction under that statute.  *In re Winship*, 397 U.S. at 364, establishes that, "the Due Process Clause protects the accused

---

[4]     For example, the instruction regarding Count One of the indictment read in pertinent part as follows:

> For you to find the Defendant guilty of Count One of the Indictment, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> (a) The Defendant made and subscribed an IRS Form 1040 on or about April 13, 2005;
> (b) The IRS Form 1040 contained a written declaration that it was made under the penalties of perjury;
> (c) The Defendant knew and believed that the IRS Form 1040 was not true and correct as to every material matter, that is, he knew and believed that his adjusted gross income was greater than $1,011,380, as reported on the IRS Form 1040; and
> (d) The Defendant falsely subscribed the IRS Form 1040, willfully and with the specific intent to violate the law.

[Record No. 48, p. 14]  The instructions for Counts 2 and 3 were identical, except that the date in subsection (a) was changed to match the indictment.

against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  As explained above, the Court instructed the jurors to find Lawrence guilty only if they found that the government proved every necessary element beyond a reasonable doubt.  In short, neither case undermines the Magistrate Judge's Report and Recommendation.

In the same vein, Lawrence contends that the Court impermissibly sentenced him based on a specific tax loss amount even though the jury did not find that amount.  In *Apprendi v New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court found that, "[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  However, when a court imposes a sentence *within the range* prescribed by statute, *Apprendi* does not apply.  *See id.* at 481 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute.").  Like this case, the trial court in *Tarwater*, 308 F.3d at 517, relied on its own preponderance-of-the-evidence tax loss finding to determine the defendant's base offense level for his § 7206(1) conviction.  Because the court's factual finding did not increase Tarwater's penalty beyond the statutory maximum (three years), the Sixth Circuit found that his sentence did not violate *Apprendi*.  *Id.*  Likewise, Lawrence's sentence is below the three-year statutory maximum.  Because this Court used its tax loss determination to establish Lawrence's non-binding guideline range, not his mandatory maximum or minimum sentence, he is not entitled to habeas relief based on this argument.  *See Alleyne v. United States*, 133

-12-

S. Ct. 2151, 2155 (2013) (finding that *Apprendi* also applies to any fact that increases the mandatory minimum).

Alternatively, Lawrence claims that the Court lacked subject matter jurisdiction because the statute of limitation barred prosecution of the first count of the indictment. Under 26 U.S.C. § 6531,

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of offense, except that the period of limitation shall be 6 years –
> . . . .
> (5)    for offenses described in sections 7206(1) and 7207 (relating to false statements and fraudulent documents);

The government does not dispute that the indictment was filed more than six years after the tax return at issue in Count One.  However, the record clearly shows that Lawrence filed a pre-indictment waiver of the six-year limitations period.  [Record No. 157-1, p. 15] Lawrence does not dispute that he signed the waiver.  Instead, he argues that the waiver is unenforceable.

According to Lawrence, statutes of limitation are jurisdictional, and subject matter jurisdiction cannot be waived.  For support, he relies on a number of Supreme Court cases. [Record No. 167, p. 29 (Objection #89)]   But significantly, none of those cases involve express waivers of statutes of limitation.  *See Bowles v. Russell*, 551 U.S. 205 (2007) (regarding the time limit for filing a notice of appeal); *Snyder v. Harris*, 394 U.S. 332 (1969) (regarding 28 U.S.C. § 1332's amount in controversy requirement); *United States v. Habig*, 390 U.S. 222 (1968) (regarding the triggering event for § 6531's six-year limitation period); *United States v. Scharton*, 285 U.S. 518, 522 (1932) (determining whether a statutory limitation period applied to particular crime).   The Sixth Circuit has decided that a criminal

defendant may expressly waive a statute of limitation.  *United States v. Del Percio*, 870 F.2d 1090, 1094 (6th Cir. 1989).  Thus, Lawrence's argument on this point is without merit.

Lawrence also argues that the waiver only allowed the government to charge him under § 7206(1).  According to Lawrence, the statute of limitation still barred his prosecution, trial, and punishment.  Lawrence objects that the Magistrate Judge's characterization of this argument as frivolous is an unsupported assessment.  [Record No. 167, p. 31 (Objection # 92)]  However, Lawrence himself has not offered any authority in support of the argument.  When he waived his right to avoid charges under the statute, Lawrence undoubtedly realized that he could also be prosecuted, tried, and punished under the statute.  The government would have no other reason to seek a waiver.  Accordingly, this jurisdictional argument does not provide Lawrence any relief.

Finally, Lawrence argues that his sentence and conviction are constitutionally invalid because he received ineffective assistance of counsel in violation of the Sixth Amendment.  Throughout his objections, Lawrence argues that his ineffectiveness claims were not previously litigated and, therefore, are properly raised in this habeas proceeding.  [Record No. 167, pp. 3, 19-20, 22 (Objection #7, #64, #74, #75)]  The Court agrees but notes that the Magistrate Judge did consider Lawrence's ineffectiveness claims on their merits.  [Record No. 165, pp. 8-14]  In short, these objections are unfounded and do not undermine the Report and Recommendation.

To succeed on his ineffectiveness claims, Lawrence must prove that his counsel's performance was deficient and that the deficient performance prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Fautenberry v. Mitchell*, 515 F.3d 614, 623 (6th Cir. 2008).  "The proper standard for attorney performance is that of reasonably effective

assistance, as measured by prevailing professional norms." *Fautenberry*, 515 F.3d at 623 (internal citation and quotation marks omitted).   Essentially, Lawrence must show that his attorneys "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Jells v. Mitchell*, 538 F.3d 478, 491 (6th Cir. 2008).   To establish prejudice, Lawrence must "demonstrate that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (internal quotation marks omitted).

Lawrence raises a laundry list of complaints against his trial attorneys in his motion to vacate.   The Magistrate Judge recognized that many of Lawrence's grievances are simply conclusory, unsupported allegations.   [Record No. 165, pp. 13-14]   For instance, Lawrence argues that his attorneys "missed deadlines" but does not specify what deadlines were missed or how they affected the outcome of the proceeding.   [Record No. 137, p. 8]   Lawrence also contends that, "[l]iterally they could not formulate a proper question when cross examining a witness." *Id.*   Yet Lawrence fails to explain what issues he believes his attorneys failed to address during cross-examination.[5]   Like the Magistrate Judge, the undersigned concludes that those arguments are legally insufficient to support Lawrence's claim for habeas relief. *See Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam) (The petitioner's § 2255 claims were legally insufficient where he stated his claims "in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or

---

[5]     The record demonstrates that Lawrence's attorneys performed thorough cross-examinations.   [Record No. 98, pp. 2-59, 70-72, 95-97, 117-21, 122, 130-34, 166-69, 190-92] Lewis Wayne Menefee, the only witness that the defense did not cross-examine, primarily offered background, not inculpatory, testimony. *Id.* at 99-108.

reference to such proof . . . ."). Accordingly, this Court will only consider those ineffectiveness claims that Lawrence specifically addresses in his objections.

First, Lawrence argues that the Court's exclusion of some of Gary Stephens' proffered testimony shows that his attorneys were deficient. [Record No. 167, pp. 15-18, 33 (Objection #35, #36, #37, #48, #49, #50, #51, #52, #53, #98)] The defense proposed that Stephens, one of their CPA experts, would testify that some of Lawrence's allegedly unreported income was either loan repayment money or distributions from his strip club and law practice and, therefore, not taxable income. [Record No. 103, p. 248-49] The Court sustained the government's motion *in limine* to exclude Stephens' distribution theory, in part, because it was not originally proffered in his expert report. *Id.* at 251-52. Lawrence also claims that his attorneys were ineffective by failing to timely supplement Stephens' expert report in violation of Rule 16 of the Federal Rules of Criminal Procedure. [Record No. 167, pp. 17-18 (Objection #47, #54)]

Kiefer, one of Lawrence's trial attorneys, admitted that both the defense and the government engaged in an unusual pre-trial discovery practice. [Record No. 105, p. 9] After exchanging expert reports, both parties allowed the opposing side to informally interview their expert. *Id.* at 9-10. According to Kiefer, the distribution theory emerged during the government's informal interview of Stephens. *Id.* at 10. The Court's colloquy with Kiefer indicates that the defense viewed the distribution testimony as an alternative theory. *Id.* at 11.

Defense counsel's initial failure to pursue other arguments besides the distribution theory was a strategic choice. The fact that Lawrence's attorneys later attempted to use the alternative theory does not qualify as deficient performance. Under *Strickland* and its

-16-

progeny, "trial counsel's tactical decisions are particularly difficult to attack." *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994).  In fact, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690.  Lawrence does not allege that his attorneys failed to adequately investigate the law or the facts in making their decision. Instead, he simply argues that they made the wrong decision.  But that argument is insufficient to overcome the presumption that his trial attorneys' strategic decision was sound. *See O'Hara*, 24 F.3d at 828 ("A defendant attacking his lawyer's performance must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)).

As the Magistrate Judge observed, Lawrence also has failed to show that exclusion of the distribution theory prejudiced him.  *See* Record No. 165, p. 13.  Lawrence objects that introduction of "black letter" Internal Revenue Code would have changed the outcome of his case.  [Record No. 167, p. 33 (Objection #98)]  However, an explanation of the Internal Revenue Code's provisions regarding distribution and taxable income would not by itself have altered the outcome.  For a reasonable jury to find in his favor based on the distribution theory, Lawrence needed facts that supported that theory.  The record does not indicate that those facts were available to defense counsel.  Instead, the record shows that this theory was one of many.  The defense's decision to pursue other theories with stronger evidence was not error.

Lawrence also alleges that his defense counsel failed to accurately calculate his adjusted gross income.  [Record No. 167, p. 17 (Objection #45, #46)]  Presumably, Lawrence bases this theory on Fields' post hoc reassessment of the evidence.  In *Strickland*, 466 U.S. at

-17-

689, the Supreme Court cautioned against viewing attorney performance through the distorting lens of hindsight.  To find in Lawrence's favor on this issue would violate this principle.  Lawrence's trial attorneys found several experts, including Stephens, to testify against the government's unreported income calculations.  The fact that Lawrence has now found what he believes to be a better expert opinion does not entitle him to habeas relief.  Like their decisions regarding which theories to pursue, defense counsel's decisions regarding which experts to retain were also strategic choices.  Lawrence has provided no reason to find that those choices were deficient under the Sixth Amendment.

Next, Lawrence claims that his attorneys were ineffective because they failed to raise the statute of limitations as a defense.  [Record No. 167, pp. 29, 32 (Objection #87, 94)]  As the Court previously explained, Lawrence signed a valid waiver of that defense.  Thus, his attorneys did not act unreasonably by refusing to raise a losing argument.

Lawrence's remaining ineffectiveness claims focus on Donna Bond, his bookkeeper and one of the government's key witnesses.  In his affidavit, Robert Carran explained that the government provided defense counsel with a Form 3949 A, wherein Bond stated that she expected to receive a reward if the investigation of Lawrence was successful.  [Record No. 157-1, p. 4]  According to Carran, the United States also provided a Memorandum of Interview that stated, "Mrs. Bond was provided with a copy of Form 211 in order to collect on a possible reward for her information."  *Id.*  Bond gave the following testimony when Carran questioned her about the reward during cross-examination:

> Q      Did you have and are you –
> A      And I know exactly what you're trying to get me to say and I will say
>        it.  The government has a whistleblower's program, okay?
> Q      Uh-huh.

A  And they will compensate you, me, you, whoever turns in or turns in information to the IRS about a taxpayer.

   Now, they will give you a reward if taxes – back taxes, penalties, whatever is collected.  You find that information on the Internet.  Everybody knows about it.

   Now, whether you get a reward is altogether different, because everybody knows getting money out of the government is harder than pulling your eyeteeth.  Now, that's the answer you're looking for.

[Record No. 98, pp. 43-44]

Lawrence first claims that the government's failure to provide the actual Form 211 is "causally related" to his ineffectiveness claims.  [Record No. 167, p. 20 (Objection #66, #69)]  Lawrence cannot blame his trial counsel for the government's alleged failure to disclose a document.  Moreover, Lawrence's attorneys clearly had all the information that they needed to confront Bond on the stand about her ulterior motive for testifying.  Whether they actually possessed a copy of the formal agreement is immaterial to the question of their effectiveness.

In his objections, Lawrence reiterates that defense counsel should have requested a jury instruction regarding Bond's monetary stake in the trial's outcome.  [Record No. 167, p. 20 (Objection # 67, 68)]  However, Lawrence does not rebut the Magistrate Judge's finding that "decisions about whether to request particular instructions are matters 'within an attorney's tactical discretion.'"  [Record No. 165, p. 12 (quoting *Crawford v. United States*, No. 04-CV-71543, 2008 WL 2948055, *6 (E.D. Mich. July 31, 2008))]  Further, the jury instructions regarding witness credibility were sufficient to dispel any threat of prejudice.  *See* Record No. 48, pp. 8-9 ("Ask yourself if the witness had any relationship to the government or the Defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for

testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other."). In summary, the record clearly shows that Lawrence's attorneys knew about Donna Bond's deal with the government and adequately elicited testimony from her about the deal. The Sixth Amendment does not entitle Lawrence to anything more.

Finally, Lawrence objects that the Report and Recommendation failed "to consider the multiple items of substandard professional performance as demonstrating [ineffective assistance of counsel] when considered cumulatively." [Record No. 167, p. 18 (Objection #55)] Again, Lawrence has failed to establish any one instance where his counsel's conduct fell below the objective standard of reasonableness in violation of the Sixth Amendment. In other words, there are no errors for the Court to consider cumulatively. None of Lawrence's habeas arguments entitle him to relief under § 2255.

## III.

Lawrence also objects to the magistrate judge's recommendation to deny his motion for reconsideration. The magistrate judge considered Lawrence's motion under Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 165, p. 4] However, since Lawrence's motion was untimely under Rule 59(e),[6] the Court will instead consider his motion under Rule 60(b). *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is

---

[6]     Rule 59(e) now requires litigants to file motions to alter or amend "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Magistrate Judge Atkins denied Lawrence's motion for discovery on December 3, 2015. [Record No. 150] Lawrence filed his motion for reconsideration on January 4, 2016 [Record No. 151], thirty-two days after the order was filed.

appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment.").

Rule 60(b) allows a Court to relieve a party from a final judgment, order or proceeding based on mistake, inadvertence, surprise, or excusable neglect, among other reasons. Fed. R. Civ. P. 60(b)(1). Thus, a party may rely on Rule 60(b) for relief where "the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Rule 60(b)(6) also allows courts to grant relief for "any other reason that justifies relief." But relief based on Rule 60(b)(6) should only be applied in "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

Courts may permit discovery in the context of habeas proceedings, "provided that the habeas petitioner presents specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001). The Magistrate Judge originally denied Lawrence's request for discovery because he did not show good cause and he did not sufficiently specify what type of information he was seeking. [Record No. 150] Upon review of Lawrence's original motion for discovery, the Court agrees with this assessment.

In his objections, Lawrence argues that Magistrate Judge Atkins made a mistake by denying his motion for discovery. However, Lawrence does not offer any law or facts that undermine the Magistrate Judge's decision. Instead, he merely contends that he did show good cause. [Record No. 167, pp. 3, 5 (Objection #8, #13)] All of his objections related to this issue are wholly conclusory. Lawrence states that the Magistrate Judge's denial was

"based on mistaken facts" but lists no factual discrepancies in support. *Id.* at 4 (Objection #12). He argues that the Magistrate Judge's decision was "fundamentally unfair and substantially prejudicial" but offers no law in support. *Id.* at 5 (Objection #15). Mere disagreement with the result is insufficient for relief under Rule 60(b). Accordingly, Lawrence's motion for reconsideration will be denied.

## IV.

In several of his objections, Lawrence criticizes the Magistrate Judge for failing to hold an evidentiary hearing. [Record No. 167, pp. 11, 23 (Objection #26, #79)] However, the record establishes that a hearing was unnecessary to address the issues properly raised in this proceeding. Under § 2255, the Court shall grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). For the foregoing reasons, the record establishes that Lawrence is not entitled to any relief. Thus, to the extent he requests an evidentiary hearing, that request is denied.

## V.

Having conducted a *de novo* review of the issues raised by Lawrence in his objections [Record No. 167] to Magistrate Judge Atkins' Report and Recommendation [Record No. 165], it is hereby

**ORDERED** as follows:

1.      The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 165] is **ADOPTED** and **INCORPORATED**, as explained more fully above.

2.      Defendant Meredith Lawrence's objections to the Magistrate Judge's Report and Recommendation [Record No. 167] are **OVERRULED**.

3.      Defendant Meredith Lawrence's motion to vacate under § 2255 [Record No. 137] is **DENIED** and this habeas proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

4.      The Court **DECLINES** to issue a Certificate of Appealability.

5.      Defendant Meredith Lawrence's motion for reconsideration [Record No. 151] is **DENIED**.

6.      Defendant Meredith Lawrence's additional motions seeking habeas relief [Record Nos. 155, 161] are **DENIED** as **MOOT**.

This 9th day of June, 2016.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

-23-